**Richard Allen SWAN, Appellant,**

v.

**Jack YOUNG, Warden, Minnesota State Prison, Appellee.**

**Eugene Henry MADISON, Appellant,**

v.

**Jack YOUNG, Warden, Minnesota State Prison, Appellee.**

**Kenneth Wayne ADAMS, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

**Nos. 19805-19807.**

United States Court of Appeals Eighth Circuit.

July 10, 1969.

Certiorari Denied Nov. 10, 1969.

See 90. S.Ct. 248.

Richard A. Swan, Eugene Henry Madison, pro se.

Douglas M. Head, Atty. Gen., St. Paul, Minn., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and HEANEY, Circuit Judge.

PER CURIAM.

In each of these appeals, consolidated for the convenience of the court, a prisoner confined in a Minnesota State Prison has been denied relief in a Federal District Court of Minnesota on the ground that he has failed to exhaust his state remedies.

In each case, the fundamental question raised is whether the sentencing court, or the court located in the district in which the prisoner is confined, had initial jurisdiction to consider the validity of the prisoner's claim.

Richard Swan was convicted in St. Louis County and imprisoned in Washington County. The courts of both counties originally refused to entertain his petition for a writ of habeas corpus on the ground of lack of jurisdiction— St. Louis County on the ground that the Habeas Corpus statute (M.S.A. chapter 589) required the petition to be heard where the prisoner was held and Washington County on the ground that the Post Conviction Remedy Act (M.S.A chapter 590) required the petition be heard in the county in which the prisoner was originally convicted.

The Washington County Court reconsidered the matter and after a hearing denied the petitioner's claim. Swan has appealed the decision of the Washington County Court to the Minnesota Supreme Court. We note that Swan's petition to

this court failed to inform this court of the action of the Washington County Court or of the appeal pending in the Minnesota Supreme Court.

Eugene Madison was convicted in Ramsey County and imprisoned in Washington County. His conviction was affirmed on direct appeal by the Minnesota Supreme Court. The Washington County Court refused to consider the petitioner's writ of habeas corpus on the ground that the proper court in which to seek relief was the court of original conviction. Petitioner sent his papers to the office of the Ramsey County Clerk of Court where the matter was routinely referred to the office of the State Public Defender without action. The petitioner apparently refused the assistance of the public defender and no further action has been taken in the state courts.

Kenneth Adams was convicted in Ramsey County and imprisoned in Washington County. The Washington County Court refused to hear his petition for a writ of habeas corpus on the ground that the petition should be brought in the county wherein he was originally convicted. Adams appealed to the Minnesota Supreme Court. The Supreme Court directed the clerk to inform Adams that the proper procedure was to file in the county of original conviction under the Post Conviction Remedy Act.

Apparently Adams has taken no further action in the state courts and he has apparently failed to follow the directions of the Minnesota Supreme Court.

Under the circumstances involved in these three cases, it is clear that the decisions of the United States District Courts were correct and that the petitioners have failed to exhaust their state remedies. There is no showing in the Madison and Adams cases that the Ramsey County Courts would refuse to decide the petitions on the merits. We are also convinced that if those courts refused to do so, the Minnesota Supreme Court would hear an appeal to determine which district court was the appropriate court to make a determination.

All three of the petitioners have spurned the assistance of the State Public Defender and have proceeded unassisted. This refusal of assistance has been largely responsible for the delays.

Affirmed.